UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CURTIS COBBS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:04cv480 PS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent | ) | |

**MEMORANDUM AND ORDER**

*Pro se* petitioner, Curtis Cobbs, an inmate at the Indiana State Prison ("ISP") in Michigan City, Indiana, had $600 secreted in his anus and was thus charged with unauthorized possession of money. Cobbs was found guilty and, as a result, was docked 90 days good time credit. After exhausting his administrative remedies, Cobbs filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through J, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding.   The petitioner filed a traverse.

**I.  RELEVANT FACTS**

On August 13, 2004, Officer Ceshek prepared a conduct report which charged Cobbs with unauthorized possession of money or currency, a Class B offense. (Exhibit A).  The conduct report resulted from an incident in which Cobbs sustained an injury and was taken to the hospital.  While Cobbs was being prepared for surgery, $600.00 was found in his anus.  Cobbs

was notified of the charges against him, and at the screening, Cobbs requested a lay advocate, but waived witnesses.

The CAB hearing was held on August 19, 2004. The CAB found Cobbs guilty of the charge. (Exhibit G). Cobbs's finding of guilt was based on the staff reports, Cobbs's statement, evidence from witnesses, and a photograph of the evidence. The sanction imposed was a 180 day earned credit time loss and a demotion from credit class I to II. The finding of guilt and the sanctions were upheld by the facility head, but the final reviewing authority dismissed the credit class demotion and modified the earned credit loss to 90 days.

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires that certain procedural steps be taken.  Due process requires that Mr. Cobbs be given: (1) advance written notice of the charges against him at least 24 hours before the hearing;  (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  *Henderson v. U.S. Parole Comm'n*,  13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.,* and the decision must be supported by "some evidence" in the record.  *Superintendent,  Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985).  The so-called "some evidence" standard applies in this circuit, as reflected in *Webb*

*v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *cert. denied*, 2000 WL 1512783 (U.S.), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence."*Webb,* 224 F.3d at 652.  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."  *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.  citing Hill*, 472 U.S. at 455-56.

### III.  DISCUSSION

Mr. Cobbs claims that the State violated his constitutional rights in several ways. He alleges that his due process rights were violated because the conduct report was not timely and a certain state form was not submitted, both in violation of the Adult Disciplinary Procedures ("ADP"); and  there was not sufficient evidence to find him guilty.

**A. Violation of Indiana Department of Corrections Policy**

Mr. Cobbs claims that the report of conduct was written over a month after the incident and that state form #39591 was not submitted in the case in violation of the ADP.  However, relief in this action is only available from violations of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions under Indiana Department of Corrections policy do not state a claim for habeas relief and must be denied. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir.2002); *Biskup v. McCaughtry*, 20 F.3d 245, 247 (7th Cir. 1994).  Cobbs's claims that policies in the ADP were violated fail to state a claim.

**B. Sufficiency of the Evidence**

3

Mr. Cobbs argues that there is no evidence to support the charge. To the extent that Cobbs is arguing that there was insufficient evidence to find him guilty, he is incorrect. As noted above, the amount of evidence needed in these types of cases is very modest. In this case, the evidence that was presented clearly meets the "some evidence" standard. In finding Cobbs guilty, the CAB relied upon the staff reports, Cobbs's own statement, and a photograph of the money which was found in his anus. The report of conduct clearly explains that in preparing Cobbs for surgery, the money was discovered. Consequently, there was sufficient evidence to find him guilty, and Cobbs's claims that his finding of guilt was based on insufficient evidence are denied.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Mr. Cobbs's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED.**

**ENTERED:** October 27, 2005

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT